```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


SYSTEMS ENGINEERING and                           CIVIL ACTION
SECURITY


VERSUS                                            NO. 05-4554


SCIENCE & ENGINEERING, INC.,                      SECTION "F"
APOGEN TECHNOLOGIES, INC., and
ROBERT SAVOIE
```

### ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

### Background

This lawsuit, originally filed in state court, arises from the General Services Administration's award of a Blanket Purchase Agreement ("BPA") to the defendant, Science & Engineering Associates, Inc. ("S&E") in August 2000. The BPA was issued to support the Navy's Information Technology Center in New Orleans.[1] Only the plaintiff, Systems Engineering and Security ("SES") and the defendant, S&E, submitted bids for the Information Technology Center Integration Project, which required that any contractor

---

[1] The Information Technology Center Project was a competition among holders of General Services Administration Multiple Award Schedule contracts for a single BPA that would be effective for a base period of twelve months, with an option to renew over four one year option years. The BPA would be awarded to the "small business" contractor that offered the "best value" as specified in Federal Acquisition Regulation 8.40(d), 8.405-2(d).

competing for award of the Project be a "small business."[2]  The plaintiff alleges that S&E, predecessor in interest to defendant Apogen Technologies, Inc. ("Apogen"), through its President and CEO, defendant Robert Savoie, falsely certified that it was a small business when it competed against SES for the BPA.

On August 4, 2005, SES filed this lawsuit in state court, asserting claims for fraudulent, intentional, and negligent misrepresentation based on defendants' allegedly false certification to the General Service's Administration of its small business status.  SES also asserts oblique and revocatory actions in its state court petition.  The defendants removed the case, asserting diversity and federal question jurisdiction.[3]  The plaintiff now moves to remand.

I.

Although the plaintiff challenges removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are

---

[2] A small business concern is a firm whose maximum annual receipts are less than the maximum annual receipts set out in the applicable size standard.  13 C.F.R. § 121.101 (2000).  The United States Small Business Administration measures maximum annual receipts by totaling the annual receipts of a concern over its last three completed fiscal years and dividing by three.  13 C.F.R. § 121.104(b)(2000).

[3] Defendants S&E and Apogen filed a Notice of Removal on October 4, 2005.  Defendant Savoie filed a Consent to Removal on November 25, 2005.

construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

The defendants removed this case on the basis of federal question jurisdiction and, alternatively, diversity jurisdiction. The plaintiff initially contends that defendant Savoie filed an untimely consent to removal, rendering removal procedurally defective.  Alternatively, the plaintiff's contends that neither diversity jurisdiction nor federal question jurisdiction exist. The Court agrees that it lacks subject matter jurisdiction over the claim, but first addresses the plaintiff's procedural defect ground for remand.

A.

A defect in the procedure for removal, if timely asserted, may be grounds for remand.  28 U.S.C. § 1447(c) (providing 30-day window for challenges to procedural defects in removal); Caterpillar, Inc. v. Lewis, 519 U.S. 61, (1996).  The "rule of unanimity" requires that, absent exceptional circumstances, all served defendants must join or otherwise file a written notice of consent to removal before the expiration of the 30-day removal period in 28 U.S.C. § 1446.  Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1261-62 (5th Cir. 1988) (holding that

3

all served defendants are required to join in petition for removal no later than 30 days from the date on which the first defendant was served); Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002) (finding exceptional circumstances cured board's retroactive ratification of consent, given that the board attempted to schedule a meeting before removal period expired, chairman of the board was also a plaintiff, and timely consent was given by an agent who was informally authorized).

The undisputed facts regarding the timeliness of Savoie's consent to removal are that (i) the defendants were served with the plaintiff's petition at various times during the month of August;[4] (ii) S&E and Apogen filed a Notice of Removal on October 4, 2005;[5] (iii) Savoie filed his Consent to Removal on November 25, 2005; and (iv) SES filed this motion to remand on October 28, 2005.  The defendants contend that Savoie's otherwise tardy consent is timely based on Judge Berrigan's Order that extended filing deadlines until November 25, 2005 in the aftermath of Hurricane Katrina.[6]

---

[4] In the Notice of Removal, the defendants assert that the plaintiff's petition was served on Apogen, S&E, and Savoie on August 11, August 23, and "shortly thereafter", respectively.

[5] Presumably based on the realities endured in the aftermath of Hurricane Katrina, which made landfall on August 29, 2005, the plaintiffs do not contest the timeliness of the filing of the defendants' Notice of Removal.

[6] On November 3, 2005, Chief Judge Berrigan issued the following order:  "As the United States Court House in New Orleans has reopened on November 1, numerous attorneys' offices have reopened in New Orleans or are otherwise operating in alternate locations, and with improving services and communication in the region, IT IS HEREBY ORDERED that the suspension of deadlines and delays, including liberative prescriptive and peremptive periods in all civil cases pending or to be filed in this Court, is terminated

The plaintiff contends that the defendants articulated no "exceptional circumstances" validating the tardy consent and that Judge Berrigan's order does not trump the statutory requirements for removal under the circumstances.[7]

The Court agrees that the defendants have not articulated any "exceptional circumstances" to cure the tardy consent to removal.[8] The Court finds that Judge Berrigan's order suspending deadlines could reasonably be considered and relied upon when defendants S&E and Apogen filed their Notice of Removal. However, defendant Savoie's November 25th consent to removal was filed almost two

---

effective November 25, 2005, except for good cause shown as determined by the presiding judge."

[7] The Court notes that the Notice of Removal was served on Savoie's attorney at the time of filing on October 4, 2005.

[8] The Court rejects the defendants' argument that Savoie was not required to consent to removal because he was fraudulently joined to defeat diversity or, more precisely, removal. Savoie is a Louisiana citizen and is diverse from SES. However, even if the Court indulges the defendants' analogous arguments for fraudulent joinder in the context of parties joined to defeat removal, the defendants' argument fails. The removing party must bear a heavy burden to prove that the non-diverse defendant was fraudulently joined, see Brady v. Wal-Mart Stores, Inc., 907 F. Supp. 958, 959 (M.D. La. 1995) by showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted). The defendants rely upon the plaintiff's inability to establish a cause of action against Savoie. However, "there is no improper joinder if a defense compels the same result for the resident and non-resident defendants because...the focus of the [fraudulent joinder] inquiry must be on the joinder, not on the merits of the plaintiff's case." McDonal v. Abbott Laboratories, 408 F.3d 177, 183 (5th Cir. 2005). Defendants claim that its claims against Savoie are prescribed, but this defense compels the same result for the non-resident defendant, S&E. Further, even if Savoie was not a defendant, complete diversity would be destroyed because Apogen and SES are both Virginians. See 28 U.S.C. § 1332(c).

5

months after the filing of the Notice of Removal and three weeks after the federal district courthouse reopened. The Court is inclined to find this consent to be untimely.[9] However, because the Court also finds that it lacks subject matter jurisdiction, it need not grant the plaintiff's motion to remand on the procedural defect ground alone.

B.

In order for the Court to exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332. To establish diversity jurisdiction, the defendants would have the burden to show that all non-diverse defendants were fraudulently joined. MSOF Corp. v. Exxon Corp., 295 F.3d 485, 489 (5th Cir. 2002) (citation omitted). Defendants contend only that the "local defendant", Mr. Savoie, was fraudulently joined. However, Apogen, which shares Virginia citizenship with the plaintiff, alone destroys diversity of citizenship.

C.

Subject matter jurisdiction is likewise lacking because the plaintiff's claims do not arise under federal law.

"Federal courts are courts of limited jurisdiction." Howery v.

---

[9] Itself continuing to confront the realities presented by the aftermath of Hurricane Katrina, the Court conceives of the possible excuses that Mr. Savoie or his counsel may have, but have not presented to the Court, as to why consent was filed so late. Accordingly, it is possible that exceptional circumstances indeed existed.

Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). As such, they can only exercise jurisdiction if the requirements of diversity jurisdiction are satisfied or if the face of the well-pleaded complaint reveals a federal question. See 28 U.S.C. § 1332(a); Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 680 (5th Cir. 2001). "When a plaintiff has a choice between federal and state law claims, she may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." Medina, 283 F.3d at 680 (quoting Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995)) (emphasis in original).

A civil action may be removed from state court to federal court if the claim is one arising under federal law. 28 U.S.C. § 1441(b). To determine if an action "arises under" federal law, courts examine the "well-pleaded allegations of the plaintiff's complaint. Franchise Tax Board v. Construction Laborers, 463 U.S. 1, 10 (1983). In order to bring a case within § 1441(b), "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936). A state law claim may raise a substantial question of federal law if (1) a federal right is an essential element of the state law claim; (2) interpretation of a federal right is necessary to resolve the case; and (3) the question of federal law is substantial. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

7

The plaintiff pleads only state law claims for fraudulent, intentional, and negligent misrepresentation, as well as oblique and revocatory actions.  To prevail on its claims, the plaintiff must show that the defendants falsely certified to the General Services Administration that S&E was a "small business" eligible to compete for award of the BPA.  Thus, the court hearing the claim may need to consult the federal regulations defining "small business."  But this does not confer federal subject matter jurisdiction, as "[a] claim does not arise under [federal law] if the relief sought is based entirely upon a state cause of action in which regulations established by a federal statute are used merely as further evidence of the right to recover under state law."  See Till v. Unifirst Fed.Sav. and Loan Assn., 653 F.2d, 156, n. 2 (5th Cir. 1981); see also Willy v. Coastal Corp., 855 F.2d 1160, 1169 (5th Cir. 1988).

Whatever federal flavor might be presented by virtue of the fact that one of the parties to the BPA was a department of the United States, the Court finds that federal flavor insubstantial to confer federal question jurisdiction.  The defendants overstate the federal ingredient in this lawsuit.  The court considering the plaintiff's state court claims will not need to resolve any substantial questions of federal law.  Moreover, the defendants' contention that resolution of the plaintiff's claims will impact the federal government is without merit.  It is true that "obligations to and rights of the United States under its contracts are governed exclusively by federal law."  Montana v. Abbot

Laboratories, 266 F. Supp. 2d 250 (D. Mass. 2003) (quoting Boyle v. United Tech. Corp., 487 U.S. 500, 504 (1988)).  However, obligations to and rights of the United States under the BPA are not implicated.[10]

Because the Court lacks subject matter jurisdiction, the plaintiffs' motion to remand is GRANTED.


New Orleans, Louisiana, December 7, 2005.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[10] The plaintiff's claims focus on the defendants' improper conduct during the bidding process, specifically allegedly falsely certifying their small business status.  If a court finds that the defendants are liable for misrepresentations made during the bidding process, damages will be assessed with no effect on the BPA.  The plaintiff does not seek to rescind the BPA and no interpretation of that contract is necessary to dispose of the plaintiff's lawsuit.  The cases cited by the defendant are distinguishable.  Abbot Laboratories, 266 F. Supp. 2d at 259 (finding Montana's claims arose under federal law where claims required interpretation of contracts to which federal agency was a party and because potentially far-reaching changes in Medicaid reimbursements would be necessary if Montana prevailed on claims); Almond v. Capital Properties, Inc., 212 F.3d 20, (2d Cir. 2000) (finding that central issue was whether the defendant's promise to a government agency that was not a party to the suit included an obligation to obtain that agency's approval before increasing rates).